IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JARVIS MARCEL CAMPBELL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 3:19-cv-813-ECM |
| | ) | (WO) |
| KENNETH DAVIS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is an untitled document by the Plaintiff (doc. 19) which the Court construes as a motion for leave to appeal *in forma pauperis* and a motion for certificate of appealability. For the reasons that follow, the Court concludes that the Plaintiff's motions are due to be denied.

28 U.S.C. § 1915(a) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." In making this determination as to good faith, the Court must use an objective standard, such as whether the appeal is "frivolous," *Coppedge v. United States*, 369 U.S. 438, 445 (1962), or "has no substantive merit," *United States v. Bottoson*, 644 F.2d 1174, 1176 (5th Cir. Unit B May 1981) (per curiam). Applying these standards, the Court is of the opinion that the Plaintiff's appeal is untimely and, accordingly, is frivolous and not taken in good faith. *See e.g. Rudolph v. Allen*, 666 F.2d 519 (11th Cir. 1982).

On April 3, 2020, the Plaintiff was ordered to file an amended complaint on or before April 17, 2020. (Doc. 15). The Plaintiff was specifically advised that his "failure

to remedy the defects [in his complaint] may result in dismissal of the case." (*Id*. at 2). The Plaintiff filed nothing in response to the Court's order. On June 29, 2020, the Magistrate Judge entered a Recommendation in which he recommended that the case be dismissed for the Plaintiff's failure to comply with the orders of the Court. (Doc. 16). The Plaintiff filed no objections to the Recommendation, and the Court adopted Recommendation of the Magistrate Judge and dismissed this case without prejudice. (Doc. 17). Final judgment was entered on July 21, 2020. (Doc. 18). At this juncture, almost nine months after entry of final judgment, the Plaintiff's appeal is untimely. *See* Fed. R. App. P. 4(a). The Court further finds no cause to reopen the time to appeal under Fed. R. App. P. (4)(a)(5).

Accordingly, it is

ORDERED that the appeal in this cause is certified, pursuant to 28 U.S.C. § 1915(a), as not taken in good faith, and the motion for leave to appeal *in forma pauperis* and motion for a certificate of appealability (doc. 19) are DENIED. It is further

ORDERED that, pursuant to the provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915 (as amended), the Plaintiff is required to pay the requisite $505.00 fee for filing this notice of appeal. Accordingly, it is

ORDERED that:

1. If the funds in the Plaintiff's prison account exceed $505.00, those persons having custody of the Plaintiff shall forward to the Clerk of this Court the $505.00 appellate filing fee.

2. If the funds in the Plaintiff's prison account are less than $505.00, those persons having custody of the Plaintiff shall --

(A) make an initial partial payment to this court equal to the greater of the following amounts:

(a) 20% of the average monthly deposits to the Plaintiff's account for the 6-month period immediately preceding the date the Plaintiff filed his notice of appeal; or

(b) 20% of the average monthly balance in the Plaintiff's account for the aforementioned 6-month period.

(B) make additional monthly payments of 20% of each preceding month's income credited to the Plaintiff's account until the balance of the $505.00 fee is paid. These additional monthly payments shall be deducted from the Plaintiff's prison account each time the amount in this account exceeds $10.00 until the $505.00 filing fee is paid in full.

3. If the appellate court enters a judgment against the Plaintiff for payment of costs at the conclusion of the appeal, including any unpaid portion of the required $505.00 filing fee, those persons having custody of the Plaintiff shall continue making monthly payments to this court in accordance with the installment plan outlined in ¶ 2(B) until the full amount of the ordered costs is paid.

To aid those persons having custody of the Plaintiff in complying with the requirements of this order, the Clerk is DIRECTED to furnish a copy of this order to the inmate account clerk at Russell County Jail. The account clerk is advised that if the

Plaintiff is transferred to another prison or detention facility, he/she shall furnish this order to the appropriate official at the institution where the Plaintiff is transferred so that the custodial agency can assume the duties of collecting and forwarding any remaining monthly payments to this court.

The Plaintiff is advised that if, before he has paid the $505.00 filing fee, the appellate court disposes of his appeal -- by dismissing the appeal for lack of jurisdiction, want of prosecution, or because it is frivolous, or by deciding the appeal on the merits -- he remains obligated to pay the $505.00 filing fee. The filing fee will be collected from any funds which become available to the Plaintiff and will be forwarded to this court by those persons having custody of the Plaintiff pursuant to the directives contained in this order.

Done this 15th day of April, 2021.

          /s/ Emily C. Marks
          EMILY C. MARKS
          CHIEF UNITED STATES DISTRICT JUDGE